IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BRIAN KEITH CARVER | ) | |
| | ) | |
| v. | ) | NO. 3:10-0748 |
| | ) | |
| TROUSDALE COUNTY JAIL, et al. | ) | |

TO: Honorable Todd J. Campbell, Chief District Judge

# R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered August 11, 2010 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court is the Motion to Dismiss (Docket Entry No. 18) filed on behalf of the Trousdale County Jail. The Plaintiff has filed a response in opposition to the motion. See Docket Entry No. 29. For the reasons set out below, the Court recommends that the motion be granted and the Trousdale County Jail be dismissed from this action.

## I. BACKGROUND

The Plaintiff is currently an inmate at the Trousdale County Jail ("Jail") in Hartsville, Tennessee. He filed this action pro se and in forma pauperis on August 6, 2010, against the Jail, Southern Health Partners, and Dr. Jack Carey. He seeks relief under 42 U.S.C. § 1983 alleging that

his civil rights were violated because the living conditions at the Jail are unconstitutional and the Defendants have failed to provide him with adequate medical care.

By the Order of referral, process was issued to the three named defendants. Defendants Southern Health Partners and Carey have filed a joint answer (Docket Entry No. 13) to the complaint, and a scheduling order (Docket Entry No. 21) has been entered. In lieu of an answer, the Jail has filed the pending motion to dismiss.

In its motion to dismiss, the Jail argues that it is not a legal entity that can be sued because it is a building and that, further, to the extent that the Plaintiff intends to sue the Trousdale County Sheriff's Department, the Sheriff's Department is merely a part of Trousdale County, Tennessee, and is not a separate legal entity capable of being sued. See Docket Entry No. 19. The Plaintiff responds by re-asserting his allegations of civil rights violations at the Jail but does not respond to the actual arguments made in the motion to dismiss.

## II. STANDARD OF REVIEW

A motion brought under Rule 12(b)(6) of the Federal Rules of Civil Procedure is reviewed under the standard that the Court must accept as true all of the allegations contained in the complaint, resolve all doubts in the plaintiff's favor, and construe the complaint liberally in favor of the pro se plaintiff. See Kottmyer v. Maas, 436 F.3d 684 (6th Cir. 2006); Boswell v. Mayer, 169 F.3d 384, 387 (6th Cir. 1999); Morgan v. Church's Fried Chicken, 829 F.2d 10, 11-12 (6th Cir. 1987). While a complaint need not contain detailed factual allegations, the plaintiff must provide the grounds for his entitlement to relief, and this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct.

1955, 167 L.Ed.2d 929 (2007) (abrogating Conley v. Gibson, 355 U.S. 41 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). See also Ashcroft v. Iqbal, 556 U.S. _, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

The factual allegations supplied must be enough to show a plausible right to relief. Twombly, 550 U.S. at 555-61. More than bare assertions of legal conclusions are required to withstand a motion to dismiss and the complaint must contain either direct or inferential allegations respecting all of the material elements to sustain a recovery under some viable legal theory. Id.; Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436-37 (6th Cir. 1988). The Court need not accept as true legal conclusions or unwarranted factual inferences. See Gregory v. Shelby County, 220 F.3d 433, 446 (6th Cir. 2000).

### III. CONCLUSIONS

The motion to dismiss should be granted. To state a claim under 42 U.S.C. § 1983, the Plaintiff must allege and show: 1) that he was deprived of a right secured by the Constitution or laws of the United States; and 2) that the deprivation was caused by a person acting under color of state law. Parratt v. Taylor, 451 U.S. 527, 535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981)(overruled in part on other grounds by Daniels v. Williams, 474 U.S. 327, 330, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986)); Flagg Bros. v. Brooks, 436 U.S. 149, 155-56, 98 S.Ct. 1729, 56 L.Ed.2d 185 (1978); Black v. Barberton Citizens Hosp., 134 F.3d 1265, 1267 (6th Cir. 1998). Both elements of this two-part test must be met to support a claim under Section 1983. See Christy v. Randlett, 932 F.2d 502, 504 (6th Cir. 1991).

The Trousdale County Jail is not a person within the meaning of Section 1983 and, thus, is not a proper defendant in this action. Quite literally, the Trousdale County Jail is a building and not an entity capable of being sued as a defendant. See Pianga v. Williams County Jail, 2006 WL 618912

3

(M.D. Tenn. March 10, 2006) (Echols, J.); Brooks v. Pembroke City Jail, 722 F. Supp. 1294, 1301 (E.D. N.C. 1989).

Although nowhere in his complaint does the Plaintiff indicate that he intends to name the Trousdale County Sheriff's Department as a defendant, the Defendant correctly points out in the motion to dismiss that the Sheriff's Department would also not be a proper defendant in this Section 1983 action even if the complaint were liberally construed to name such a defendant. Although municipal corporations and other "bodies politic and corporate" may be sued under Section 1983, Mumford v. Basinski, 105 F.3d 264, 267 (6th Cir.), cert. denied, 522 U.S. 914, 118 S.Ct. 298, 139 L.Ed.2d 229 (1997), a sheriff's department is not a body politic, and, as such, is not a person within the meaning of Section 1983. See Petty v. Franklin County, 478 F.3d 341, 347 (6th Cir. 2007); Matthews v. Jones, 35 F.3d 1046, 1049 (6th Cir. 1994); Timberlake by Timberlake v. Benton, 786 F. Supp. 676, 682-83 (M.D. Tenn. 1992) (Nixon, J.); Drennon v. ABL, 2006 WL 3448686 (M.D. Tenn. Nov. 27, 2006) (Campbell, C.J.).

Because Plaintiff cannot establish the second part of the two-part test under Parratt, his claims against the Trousdale County Jail warrant dismissal.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that the Motion to Dismiss (Docket Entry No. 18) of Defendant Trousdale County Jail be GRANTED and that this Defendant be DISMISSED from this action.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which

objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

_____
JULIET GRIFFIN
United States Magistrate Judge