IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

BRIAN KEITH CARVER           )
                             )
    v.                       )   NO. 3:10-0748
                             )
TROUSDALE COUNTY JAIL, et al. )

TO: Honorable Todd J. Campbell, Chief District Judge

# R E P O R T  A N D  R E C O M E N D A T I O N

By Order entered August 11, 2010 (Docket Entry No. 3), this action was referred to the Magistrate Judge to enter a scheduling order for the management of the case, to dispose or recommend disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure, and the Local Rules of Court.

Presently pending before the Court are the Motion for Summary Judgment (Docket Entry No. 45) of Southern Health Partners, Inc. and Jack Carey and the Motion for Summary Judgment (Docket Entry No. 57) of Trousdale County, Tennessee. The Plaintiff has filed what the Court deems to be a response in opposition to the motion of Southern Health Partners, Inc., and Jack Carey, see Docket Entry No. 55, but has not responded to the motion of Trousdale County, Tennessee.[1] For the reasons set out below, the Court recommends that the motions be granted and this action be dismissed.

---

[1] By Order entered March 15, 2011 (Docket Entry No. 65), the Plaintiff was notified of the motion filed by Trousdale County and given a deadline of April 18, 2011, to file a response.

## I. BACKGROUND

The Plaintiff, who is currently incarcerated within the Tennessee Department of Correction, filed this action pro se and in forma pauperis on August 6, 2010, while an inmate at the Trousdale County Jail ("Jail") in Hartsville, Tennessee. He seeks relief under 42 U.S.C. § 1983 alleging that his civil rights were violated at the Jail.

Although the Plaintiff's complaint does not clearly set out specific claims, See Docket Entry No.1, the narrative statements attached to the complaint can be reasonably read to allege the following claims:

1. he entered the Jail with an existing injury to his right arm and wrist for which he was denied adequate medical attention, including the denial of pain medication, therapy, and follow-up visits, see Docket Entry No. 1-1, at 1-3 and 5;

2. he was not offered an option for treating dental cavities other than tooth extraction, resulting in the extraction of several of his teeth, id. at 3;

3. several cells at the Jail do not contain running water other than showers or toilets and he was housed in a cell for 37 days that contained only a toilet, id. at 4;

4. he was denied a shower on several occasions, id.;

5. the Jail is not safe because mentally unstable inmates are housed in the general population and because items such as bolts, towel racks, iron pipes, and blocks which could be made into weapons are accessible to inmates, id.

By the Order of referral, process was issued to the three named Defendants - the Jail, Southern Health Partners, Inc. ("SHP"), and Dr. Jack Carey ("Carey") - on the Plaintiff's claims. By Orders entered November 1, 2010 (Docket Entry No. 36), and January 10, 2011 (Docket Entry No. 41), respectively, the Jail was dismissed from the action and Trousdale County, Tennessee ("Trousdale County") was added as a defendant. Answers have been filed by the Defendants, see Docket Entry Nos. 13 and 56, and a scheduling order (Docket Entry No. 21) has been entered which provided for a period of pretrial activity in the action.

By their motion for summary judgment, SHP and Carey deny that they were deliberately indifferent to the Plaintiff's medical needs. To the contrary, they argue that the undisputed evidence establishes that extensive care and treatment were provided to the Plaintiff for his medical conditions. Therefore, they contend that they are entitled to summary judgment as a matter of law. Defendants SHP and Carey support their motion with the affidavit of Carey, see Exhibit 2 to Motion (Docket Entry No. 45, at 41-54 ) and the affidavit of Kelan Lee, see Exhibit 3 to Motion (Docket Entry No. 45, at 66-79).

By its motion for summary judgment, Trousdale County contends that the evidence before the Court fails to support a claim against it upon which liability can be based. With respect to the Plaintiff's general medical care claims, Trousdale County contends that it has contracted with SHP to provide medical care to inmates at the Jail, that the evidence shows that medical care has been regularly provided to the Plaintiff, and that there is no evidence supporting a claim that Trousdale County took any action or failed to take any action which was deliberately indifferent to the Plaintiff's serious medical needs. With respect to the Plaintiff's claim that he was denied adequate dental care, Trousdale County asserts that there is no evidence showing that the Plaintiff had a tooth extraction within one year of filing his complaint and thus any dental care claims should be dismissed as untimely. Finally, Trousdale County argues that the undisputed evidence does not support the Plaintiff's claims that the conditions of confinement to which he was subjected were constitutionally deficient. Trousdale County supports it motions with the affidavit of Wanda Kemp (Docket Entry Nos. 60 and 62) and with the supporting materials submitted by Defendants SHP and Carey in support of their motion for summary judgment.

## II. STANDARD OF REVIEW

Summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. See also Celotex Corp. v. Catrett, 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." Sowards v. Loudon Cnty., 203 F.3d 426, 431 (6th Cir.), cert. denied, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd., 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); Gribcheck v. Runyon, 245 F.3d 547, 550 (6th Cir.), cert. denied, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. Anderson, at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the non-moving party's case.'" Hayes v. Equitable Energy Res. Co., 266 F.3d 560, 566 (6th Cir. 2001) (quoting Celotex Corp., 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." Goins v. Clorox Co., 926 F.2d 559,

4

561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. Banks v. Wolfe Cnty. Bd. of Educ., 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. Bell v. Ohio State Univ., 351 F.3d 240, 247 (6th Cir. 2003) (quoting Anderson, 477 U.S. at 252).

## III. CONCLUSIONS

A. Fourteenth Amendment Rights of a Pretrial Detainee

Although not clarified by the parties, it appears that the Plaintiff was incarcerated at the Jail as a pretrial detainee at the time of the events at issue. Pretrial detainees are protected from mistreatment by the Due Process Clause of the Fourteenth Amendment while convicted felons fall within the purview of the Eighth Amendment's prohibition of cruel and unusual punishment. City of Revere v. Massachusetts Gen. Hosp., 463 U.S. 239, 244, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983). However, the Eighth Amendment's prohibition against cruel and unusual punishment applies to pretrial detainees through the Due Process Clause of the Fourteenth Amendment. See Bell v. Wolfish, 441 U.S. 520, 535 & n.16, 99 S.Ct. 1861, 60 L.Ed.2d 447 (1979); Heflin v. Stewart Cnty., Tenn., 958 F.2d 709, 714 (6th Cir. 1992); Roberts v. City of Troy, 773 F.2d 720, 723 (6th Cir. 1985). Accordingly, claims brought by a pretrial detainee asserting inadequate medical care or unconstitutional conditions of confinement are analyzed under Eighth Amendment standards. See

5

Thompson v. County of Medina, 29 F.3d 238, 242 (6th Cir. 1994); Horn v. Madison Cnty. Fiscal Court, 22 F.3d 653, 660 (6th Cir. 1994); Danese v. Asman, 875 F.2d 1239, 1243 (6th Cir. 1989).

B. Defendants SHP and Carey

The Plaintiff alleges that he entered the Jail in November 2009, with a pre-existing injury to his right arm and wrist which he suffered in a boating accident and for which he was taking pain medication at the time. He contends that his prescription for pain medication was not continued after entering the Jail, that his complaints about continued pain were treated only with minimal care, and that he was not provided with prompt and proper care after aggravating the injury in May 2009, including being denied stronger pain medication and physical therapy. He further alleges that Defendant Carey met his complaints about continued pain with derisive comments.

Defendants SHP and Carey respond to these allegations by disputing that he made constant complaints of pain and by providing evidence of the medical care provided to the Plaintiff while at the Jail. This evidence shows that the Plaintiff was provided with medical care for his wrist and arm injury while at the Jail. Between November 20, 2009, and September 1, 2010, this care included the provision of non-narcotic pain medications such as Tylenol and Ibuprofen and other medications, physical examinations, referrals to a physician, new x-rays, review of prior x-rays, a splint, ice-packs, a referral to the outside surgeon who had previously operated on the Plaintiff's injury, a referral to an outside neurologist, an examination at a hospital emergency room, and one physical therapy visit. See Affidavit of Kelan Lee (Docket Entry No. 45), at 65-78; Affidavit of Carey (Docket Entry No. 45),

at 41-54.² The Defendants also contend that evidence exists which show that the Plaintiff used his right arm and hand in a manner inconsistent with his allegations of constant pain. Id.

In response³ to the Defendants' motion, the Plaintiff asserts that he was in nearly constant pain while at the Jail and that he signed up for sick call about his injury and pain on many more occasions than the Defendants indicate but that these sick call requests were ignored. He disputes any assertion that he engaged in horseplay or acted in a manner suggesting that he was lying about his pain. He further contends that the medical records show several instances when care was ordered yet not provided, such as a splint for his wrist and a prescription for pain medication that was ordered by the outside neurologist. The Plaintiff supports his response with copies of his medical records and with unsworn and unverified written comments on the Defendants' supporting affidavits and their statement of undisputed facts. See Docket Entry Nos. 55-2 to 55-9.

The government has a constitutional obligation to provide medical care for the individuals it incarcerates, and "deliberate indifference to the serious medical needs of a prisoner constitutes the unnecessary and wanton infliction of pain proscribed by the Eighth Amendment." Estelle v. Gamble, 429 U.S. 97, 103, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976). A claim for deliberate indifference to a prisoner's serious medical needs has both a subjective and an objective component. See Farmer v.

---

² The Defendants also include evidence of treatment for other medical ailments about which the Plaintiff complained while at the Jail. However, the adequacy of treatment for these ailments is not at issue in this action.

³ The Plaintiff has filed what is styled as a motion for review. See Docket Entry No. 55. However, the filing is clearly not intended to be a motion for review of an order entered by the Court but is instead a response in opposition to the motion of SHP and Carey, as indicated by the Plaintiff's arguments, his response (Docket Entry No. 55-4) to the defendants' statement of undisputed facts, and his responses to the supporting affidavits filed by the defendants. See Docket Entry Nos. 55-5 and 55-6. Accordingly, the Court construes the filing as the Plaintiff's response in opposition to the motion for summary judgment of SHP and Carey.

Brennan, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Comstock v. McCrary, 273 F.3d 693, 702 (6th Cir. 2001). To satisfy the objective component, the Plaintiff must allege that he has a "sufficiently serious" medical need. Comstock, 273 F.3d at 703. A serious medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. Blackmore v. Kalamazoo Cnty., 390 F.3d 890, 897 (6th Cir. 2004).

For the subjective component, the Plaintiff must demonstrate that the defendant had a sufficiently culpable state of mind, in other words, that the official acted with "deliberate indifference" to the Plaintiff's serious medical need. Farmer, 511 U.S. at 834, 114 S.Ct. 1970. Although this standard does not require a showing that the defendant acted with a purpose or intent to inflict harm, the standard is not satisfied by a showing of negligence. See Comstock, 273 F.3d at 703; Estelle, 429 U.S. at 105, 97 S.Ct. 285 ("[A]n inadvertent failure to provide adequate medical care cannot be said to constitute" a violation of the Eighth Amendment). The Plaintiff must show more than medical malpractice and negligence on the part of the defendant because the subjective requirement acts "to prevent the constitutionalization of medical malpractice claims." Comstock, 273 F.3d at 703. See also Whitley v. Albers, 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986) ("To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . . . It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause.").

After review of the evidence before the Court and the entire record in the action, the Court finds that summary judgment should be granted to Defendants SHP and Carey on the Plaintiff's

inadequate medical care claim.[4]  While the evidence shows that the Plaintiff suffered from medical needs while at the Jail which were serious enough to satisfy the objective component of his claim, there is insufficient evidence before the Court raising a genuine issue of material fact on the issue of deliberate indifference on the part of the Defendants.  Any factual disputes that exist fail to rise to the level of material facts because, even if construed in the light most favorable to the Plaintiff, there is still not sufficient evidence in the record upon which a reasonable jury could find that the medical care provided to the Plaintiff at the Jail was constitutionally inadequate in light of the undisputed evidence that he was provided with a regular course of treatment for his arm and wrist injury.

The Plaintiff's medical records clearly show that he was not ignored and was in fact regularly treated.  His complaints essentially amount to displeasure with the manner or adequacy of the course of treatment he received at the Jail.  Although "medical care which is so cursory as to amount to no treatment at all may amount to deliberate indifference," Terrance v. Northville Reg.'l Psychiatric Hosp., 286 F.3d 834, 843–44 (6th Cir. 2002) (internal quotation marks and citation omitted), the evidence before the Court does not support such a conclusion.

Deliberate indifference is not shown because "alternative procedures might have better addressed [a prisoner's] particular needs." Graham v. County of Washtenaw, 358 F.3d 377, 384 (6th Cir. 2004). When a prisoner has received some medical attention and the dispute is over the adequacy of that care, federal courts are generally reluctant to second guess medical judgments and to constitutionalize claims that sound in state tort law, Westlake v. Lucas, 537 F.2d 857, 860 n.5 (6th Cir. 1976), and it is well-settled that neither negligence nor medical malpractice will support a constitutional claim.  See Estelle, 429 U.S. at 106; Walker v. Norris, 917 F.2d 1449, 1454 (6th Cir.

---

[4] The only claim brought against Defendants SHP and Carey is for inadequate medical care.

9

1990); Roberts v. City of Troy, 773 F.2d 720, 724 (6th Cir. 1985). Although the care the Plaintiff received at the Jail may not have been as prompt, thorough, or far-reaching as he may have received had he not been incarcerated and had he sought treatment on his own from private medical care providers, the Eighth Amendment does not guarantee that a prison inmate receive the "optimum or best medical treatment." Ruiz v. Estelle, 679 F.2d 1115, 1149 (5th Cir. 1982); McMahon v. Beard, 583 F.2d 172, 174 (5th Cir. 1978). The facts before the Court simply do not support a claim that the medical care rendered to the Plaintiff at the Jail was so deficient that it amounted to a violation of the Constitution.

C. Trousdale County

Summary judgment should be granted to Defendant Trousdale County on all claims brought against it. The Plaintiff has not supported his claims against Trousdale County with any evidence and the allegations of his complaint are not sufficient to defeat the motion for summary judgment brought by Trousdale County.

The Plaintiff's dental care claim is untimely. The statute of limitations for this civil rights claim brought under 42 U.S.C. § 1983 is the one year limitations period provided for in Tenn. Code Ann. § 28-3-104(a)(3). See Wilson v. Garcia, 471 U.S. 262, 268-71, 276, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); Merriweather v. City of Memphis, 107 F.3d 396, 398 (6th Cir. 1997); Jackson v. Richards Med. Co., 961 F.2d 575, 578 (6th Cir. 1992); Berndt v. Tennessee, 796 F.2d 879, 883 (6th Cir. 1986). Defendant Trousdale County has set forth affirmative evidence showing that the Plaintiff had not seen a dentist at the Jail after August 6, 2009, and that the most recent time the Plaintiff had a tooth extraction at the Jail was on August 1, 2006. See Affidavit of Jail Administrator Wanda Kemp (Docket Entry No. 60), at ¶¶ 7 and 84. The Plaintiff has not set forth any evidence rebutting the

affidavit of Kemp and showing that he was denied adequate dental treatment during the applicable statute of limitations period.

The Plaintiff has also not rebutted Defendant Trousdale County's arguments for dismissal of his conditions of confinement claims and has not set forth affirmative evidence supporting these claims. Even if the allegations contained in his complaint are taken as true, the Plaintiff has not alleged facts which show that a constitutional violation has occurred. No reasonable jury could find in favor of the Plaintiff on these claims based on the evidence before the Court.

Complaints about the quality of the grievance procedure at the Jail do not support a constitutional claim because there is no constitutional right to an effective, fair, or properly functioning prison grievance procedure. See Walker v. Michigan Dep't of Corrections, 128 Fed. Appx. 441 (6th Cir. Apr. 1, 2005); Miller v. Haines, 156 F.3d 1231, 1998 WL 476247 (6th Cir. Aug. 3, 1998) (Table Decision); Spencer v. Moore, 638 F. Supp. 315 (E.D. Mo. 1986); Azeez v. DeRobertis, 568 F. Supp. 8 (N.D. Ill. 1982).

The Plaintiff's complaints that he was denied a shower "on several different occasions," held for 37 days in a cell that had only a toilet, and drank water out of a shower, see Attachments to Complaint (Docket Entry No. 1-1), at 4, do not rise to the level required to show that he was subjected to living conditions that were so deplorable that the conditions violated his constitutional rights.[5] Any Section 1983 claim premised upon a prison inmate's allegation that his conditions of confinement violate the Eighth Amendment's prohibition against cruel and unusual punishment must be supported by a showing that the inmate was subjected to severe conditions of confinement which deprived him

---

[5] In its supporting memorandum, Trousdale County states that the Plaintiff claims that he was required to drink out the toilet. See Docket Entry No. 58, at 15. However, nowhere in his complaint does the Plaintiff allege that he drank out of a toilet.

of "the minimal civilized measure of life's necessities." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392, 69 L.Ed.2d 59 (1981). This requires the Plaintiff to satisfy an objective threshold by showing facts which establish that a sufficiently serious deprivation has occurred. Wilson v. Seiter, 501 U.S. 294, 298, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). Seriousness is measured in response to "contemporary standards of decency." Hudson v. McMilian, 503 U.S. 1, 8, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992).

The Plaintiff's allegations simply do not satisfy the objective prong of his claim and, thus, there is no basis for constitutional liability against any of the defendants. To satisfy the objective prong, "extreme deprivations are required," Hudson, 503 U.S. at 9, and only grave deprivations of the civilized measure of life's necessities violate the Cruel and Unusual Punishment Clause. Rhodes, supra; Hadix v. Johnson, 367 F.3d 513, 525 (6th Cir. 2004). Even taking as true the Plaintiff's allegations, he simply does not show that he was subjected to the type of extreme deprivations necessary to implicate the Eighth Amendment and support a claim under Section 1983. Although flatly prohibiting a prison inmate from cleaning himself could implicate constitutional concerns, the Plaintiff's allegation of being denied a shower "on several occasions" is too vague and factually unspecific to support such a claim. Further, the Constitution does not require prison cells to have a sink or a drinking faucet in them, the Plaintiff does not allege that he was denied fluids at his meal or otherwise, and without additional allegations, the Court cannot conclude as a matter of law that obtaining drinking water from a shower is unsanitary or dangerous to the point that such a practice should be deemed unconstitutional. Finally, conditions of confinement that are temporary in nature rarely rise to the level implicating constitutional concern. See Dellis v. Corrections Corp. of Am., 257 F.3d 508, 511 (6th Cir. 2001). While incarceration at the Jail may have been unpleasant, "[n]ot every unpleasant experience a prisoner might endure while incarcerated constitutes cruel and unusual

punishment within the meaning of the Eighth Amendment." Ivey v. Wilson, 832 F.2d 950, 954 (6th Cir. 1987).

The Plaintiff also claims that his personal safety was at risk at the Jail based on his allegations that mentally unstable inmates were housed in the general population at the Jail and that there are several safety issues at the Jail that could result in homemade weapons being made and used by inmates. Even if these allegations are taken as true, however, the Plaintiff fails to allege any facts showing that the dangers that he believed could occur at the Jail ever actually materialized, that he was ever personally placed at any risk of danger from other inmates, that he complained about a risk to his safety, or that his complaints were ignored by Jail staff.[6]

The Plaintiff's allegations of safety risks that he believes exist at the Jail are too general and speculative to support a constitutional claim. In order to support his constitutional claim, the Plaintiff must show that the defendant was deliberately indifferent "to a substantial risk of serious harm" to him. Farmer v. Brennan, 511 U.S. 825, 828, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994); Greene v. Bowles, 361 F.3d 290, 294 (6th Cir. 2004). The Plaintiff has not done this. The Plaintiff must show "more than ordinary lack of due care for the prisoner's interests or safety," Farmer, 511U.S. at 835, and general concerns about prison safety will not support a claim under Section 1983. See Gant v. Campbell, 4 Fed. Appx. 254, 256, 2001 WL 132337 (6th Cir. Feb. 6, 2001) (unpublished) (plaintiff's general concern about his safety was not sufficient to support a constitutional claim).

As set out supra in Section III.B, the Court finds that there is no evidence to support the Plaintiff's inadequate medical care claim against Defendants SHP and Carey. To the extent that the

---

[6] Trousdale County sets forth evidence that, on one occasion, a bolt and screws which had apparently been altered were found in a two cells at the Jail and that jail officials took remedial action in response. See Affidavit of Kemp, at ¶ 62. However, there are no facts before the Court linking this event with the Plaintiff in any way.

Plaintiff brings an inadequate medical care claim against Trousdale County, such a claim is purely derivative of the claim against SHP and Carey and, accordingly, should be dismissed.

## RECOMMENDATION

The Court respectfully RECOMMENDS that:

1) the Plaintiff's Motion for Review (Docket Entry No. 55) be DENIED to the extent that he has filed the motion in opposition to the Defendants' Motions for Summary Judgment;

2) the Motion for Summary Judgment (Docket Entry No. 45) of Southern Health Partners, Inc. and Jack Carey, and the Motion for Summary Judgment (Docket Entry No. 57) of Trousdale County, Tennessee be GRANTED; and

3) this action be DISMISSED WITH PREJUDICE.

The Court further RECOMMENDS that any appeal NOT be certified under 28 U.S.C. § 1915(a)(3) as taken in good faith.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of this notice and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

                                              Respectfully submitted,

                                              JULIET GRIFFIN
                                              United States Magistrate Judge